Gilmore, C. J.'
The only question that will be noticed in this ease is, did the court err in limiting the two counsel of the defendant to thirty minutes for the argument of the cause to the jury ?
The question is an important one. The three most important constitutional rights which a person accused of felony has, are, (1) a trial by jury, (2) compulsory process for obtaining witnesses in his favor, and (3) the assistance of counsel on his trial.
These are secured to him, in proper cases, not only in the federal, blit also in the state, courts, by constitutional provisions. Article 3, section 2, and articles 5 and 6 of the amendments to the constitution of the United States, and sections 5 and 10 of the bill of rights in this state. As to the importance of the first, see section 1780 of Story on the Constitution. But, important as this right is, it would be powerless to fully accomplish its objects, without the aid of the concomitant rights of compulsory process for witnesses and the assistance of counsel. These rights, like that of trial-by jury, were only secured to the people of England,, from whence we borrow them, by long and persistent efforts.
The fact that we came into possession of them as conceded rights, ought not to cause us to underrate or forget their importance. On the contrary, we should admire and commend the wisdom and humanity of those who made the last two as well as the first of these rights, the subject of both federal and state constitutional provisions, and it is our duty to see that they are not impaired or denied to any one entitled to the benefit of them.
Section 10 of the bill of rights, among other things, provides that, “ in any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel.”
The discretion which the courts of England exercised in the trial of a party accused of felony, when he was entitled to neither witnesses nor counsel, and when the court as *620 .sumed to act as Ms counsel, can not be exercised by the courts of this state.
The onus of determining, within the prescribed rules of practice, what is, or is not, necessary and essential to the ■defense, is now devolved on the accused or his counsel, and in determining these, their judgment, and especially that -of counsel, is certainly entitled to due consideration by the ■court. •
The court has no discretionai’y power over the right itself for it can not be denied. And hence it has no right to prevent the accused from being heard by counsel, even if ■ the evidence against him be clear, unimpeached, and conclusive in the opinion of the court. Rut the exercise of the right is subject to judicial control to the extent that is necessary to prevent the abuse of it. This point seems to be so well settled in this country, that it is needless to cite authorities from other states upon it.
In Weaver v. Hie State, 24 Ohio St. 584, two days were •occupied in taking the testimony, and, during the progress ■of the trial, the court had adjourned over Christmas - day, .and also adjourned that one of the jurors might attend the funeral of a relative. The court, against the protest of the defendant’s counsel, limited the argument to five hours on ■each side. The defendant’s counsel took twenty minutes in addition, without interruption by the court. It was held that this was not an abuse of the power of control by the •court. This holding is still approved, and if even a fourth part of the time that was allowed for argument in that case had been given in this, a majority of the court would hold that the court did not err in this case.
It is the practice in this state, so far as I know, to allow a person accused of felony, to be heard by two counsel if he •so desires. If a prisoner is unable to employ counsel, “the court shall assign him counsel, not exceeding two, who shall have access to the accused at all reasonable hours.” This may be regarded as an expression of legislative intent •on this subject.
There were seven witnesses for the state, and four for the- *621 defendant. Half a day was occupied in taking the testimony. It was entirely circumstantial, and there was serious conflict in it. Under these circumstances, when the defendant’s liberty was at stake, and an ignominious punishment threatening him, he was entitled to be heard, in a. reasonable manner, by both counsel whom he had employed for his defense. His counsel sufficiently indicated, that in their judgment the thirty minutes allowed for argument was insufficient, by promptly protesting against it,.- and the defendant saved his right by excepting to the limitation at the time it was imposed. Finding, as a majority ■of us do, that the limitation upon the argument was such an-abuse of the power of judicial control over the subject, as deprived the defendant of a fair trial, the judgment must be reversed, and cause remanded for a new trial.

Judgment accordingly.